IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>Plaintiff,<br>v.<br><br>TONYS ITALIAN DELICATESSEN, a California corporation,<br><br>Defendant. | **Case No.** 26-cv-10858<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

JAMES ALGER ("Plaintiff") complains of TONYS ITALIAN DELICATESSEN ("Defendant") as follows:

**INTRODUCTION**

1. This case arises from accessibility barriers encountered by Plaintiff during a visit to Tony's Italian Delicatessen, a restaurant and delicatessen open to the public, located at 1124 W. Magnolia Blvd, Burbank, California 91506 ("Deli").

Plaintiff uses a wheelchair or mobility scooter because of progressive peripheral neuropathy. When he attempted to patronize the Deli, he encountered barriers that denied him full and equal access to the goods, services, and facilities offered to the public.

2. The barriers included the absence of any accessible seating in the Deli's exterior dining area; a cashier and service counter that exceeded the maximum accessible height; the absence of a single accessible dining surface within the facility, because the tables were mounted on center pedestal and cross-shaped bases that obstructed the space beneath them and prevented Plaintiff from approaching or pulling up to them in his mobility scooter; and an inaccessible restroom. Additional barriers related to Plaintiff's disabilities were identified before filing by a CASp expert retained by Plaintiff's counsel.

3. Because of these barriers, Plaintiff could not independently complete his transaction, dine at an accessible table, or use the restroom in the same manner as nondisabled patrons.

4. Title III of the Americans with Disabilities Act requires places of public accommodation to provide individuals with disabilities equal access to their goods, services, facilities, and accommodations. Defendant has failed to comply with those obligations. Plaintiff seeks injunctive relief requiring Defendant to remove accessibility barriers and provide equal access as required by federal law.

## JURISDICTION

5. This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*.

## VENUE

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's claims arose in this District.

**PARTIES**

7. At all relevant times, Plaintiff is, and was, an individual with a physical disability as defined by the ADA. Plaintiff has progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet. These physical impairments substantially limit major life activities, including walking and carrying out tasks that require fine motor skills. Because of these limitations, Plaintiff uses a wheelchair or scooter for mobility. He lives in Porter Ranch, California.

8. Defendant TONYS ITALIAN DELICATESSEN is, and at all relevant times was, a California corporation doing business in Burbank, California, and the owner, operator, lessor, and/or lessee of the Deli.

9. The Deli is open to the public and is a place of public accommodation.

**FACTUAL ALLEGATIONS**

10. Plaintiff formerly lived in Burbank and remains familiar with that part of town. On April 4, 2026, Plaintiff was in Burbank running errands with his wife and son. He dropped off dry cleaning and then took his vehicle to a car wash on Magnolia Boulevard, something he does regularly notwithstanding that he now lives in Porter Ranch. Knowing that the car wash would take some time to complete, Plaintiff and his family decided to have a meal at the Deli, located a few blocks away.

11. As Plaintiff approached the Deli, it became readily apparent that the exterior dining area contained no accessible seating because the tables lacked adequate knee space. Because he and his family were hungry, they went inside.

12. Upon entering, Plaintiff immediately encountered a counter that was entirely too high for him to use from his mobility scooter. Because of his disability and his correspondingly limited reach range, Plaintiff had difficulty interacting

with the Deli's personnel and completing his transaction at the counter.

13. Plaintiff also observed that there was not a single accessible dining table in the entire facility. Most of the tables were small and mounted on center pedestal bases, which obstructed the knee space beneath the table surface and made it impossible for Plaintiff to pull up to them in his scooter. The one round table in the facility was mounted on a cross-shaped floor base, which likewise obstructed the space beneath the table for his knees and made it cumbersome for Plaintiff to line up and turn his scooter in order to approach it.

14. Despite the barriers that he encountered, Plaintiff was able to finish his meal.

15. Plaintiff needed to use the restroom and asked his son to determine whether an accessible restroom was available. His son reported that the restroom was not accessible: it lacked grab bars, and the route to and through the restroom was such that Plaintiff would have had difficulty reaching it at all because it was too narrow. Having actual knowledge of these barriers, Plaintiff did not attempt to use the restroom and left the Deli.

16. The accessibility barriers materially limited Plaintiff's ability to use and enjoy the Deli. Rather than ordering, dining, and using the restroom in the same manner as other customers, Plaintiff was required to attempt his transaction at a counter he could not reach, to eat at a table he could not properly approach, and to forgo the use of the restroom entirely. Plaintiff's experience at the Deli was frustrating and embarrassing, and he felt excluded and uncomfortable because of the lack of accessible features.

17. Despite these barriers, Plaintiff remains interested in returning to the Deli. He is familiar with the area, regularly returns to Burbank to patronize businesses there, and would return to the Deli to purchase and consume food in the same manner as other patrons if the access barriers were removed. Plaintiff is

deterred from returning to the Deli so long as it remains inaccessible to him, and until the barriers have been corrected, he will seek other options when in the area. Plaintiff intends to return to the Deli once he learns that the barriers affecting his access have been removed.

18. Prior to filing this action, and in fulfillment of counsel's Rule 11 obligations, Plaintiff's counsel retained a Certified Access Specialist, who evaluated the subject premises and identified the following barriers related to Plaintiff's disability:

(a) no accessible exterior dining seating is provided, because the exterior tables have center posts that obstruct the required knee and toe clearance;

(b) the front entrance landing has a slope exceeding two percent within the required door maneuvering clearance;

(c) the front entrance door does not provide the required 24x60 clear space at pull side;

(d) the lower ten inches of the push side of the front entrance door does not provide a smooth, uninterrupted surface;

(e) the front entrance threshold exceeds one-half inch in height;

(f) no accessible interior dining seating is provided, because the interior tables have center posts that obstruct the required knee space;

(g) the interior accessible route to the restroom is less than thirty-six inches in clear width because of encroachment from a refrigerator;

(h) the cashier counter does not provide a 36-inch minimum accessible counter portion clear of merchandise and display items;

(i) the accessible portion of the cashier counter exceeds the maximum height permitted above the finish floor;

(j) the rear parking lot does not have an accessible parking space;

(k) no accessible route is provided from the parking area to the accessible

building entrance;

(l) the public restroom does not have grab bars;

(m) the paper towel dispenser is too high;

(n) the toilet seat cover dispenser is obstructed and does not provide the required 30x48 clear floor space in front;

(o) the restroom does not provide a compliant wheelchair turning space;

(p) the lavatory does not provide the required knee space because a cabinet is located beneath the sink; and

(q) the mirror in the restroom is too high.

Each of the foregoing barriers affects or relates to Plaintiff's mobility disability and his use of a wheelchair or mobility scooter and would interfere with his access to the Deli during future visits.

19. The barriers to access are alleged without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's accessibility expert.

**CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

20. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint.

21. At all times relevant to this action, Title III of the ADA has been in full force and effect and has applied to Defendant's conduct.

22. "Private entities" that are "public accommodations" under the ADA include restaurants, bars, and other establishments serving food or drink. 42 U.S.C. § 12181(7)(B).

23. Plaintiff is an individual with physical disabilities as defined by the

ADA because Plaintiff has physical impairments that substantially limit one or more major life activities. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to use the subject facilities.

24. Defendant has discriminated against Plaintiff in violation of Title III of the ADA by the following (without limitation): (a) providing benefits that are not equal to those afforded to individuals without disabilities; (b) failing to design, construct, and/or alter the Deli in compliance with applicable federal standards for accessibility; (c) failing to remove architectural barriers in existing facilities where such removal is readily achievable; and (d) where Defendant can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

25. On information and belief, portions of the Deli were remodeled or otherwise altered after January 26, 1992 in a manner affecting their usability. Defendant was therefore required to make the altered portions readily accessible to and usable by individuals with disabilities to the maximum extent feasible.

26. The architectural barriers identified above are readily achievable to remove. Plaintiff proposes removal of the barriers through relatively modest measures of the type contemplated by 28 C.F.R. § 36.304, including rearranging or replacing inaccessible dining tables; relocating movable equipment that obstructs the accessible route; clearing merchandise from the accessible portion of the transaction counter or providing an accessible auxiliary surface; installing grab bars; lowering or relocating restroom accessories; removing the cabinet or other obstruction beneath the lavatory; lowering or replacing the restroom mirror; modifying the entrance threshold and other entrance features; and providing accessible parking and an accessible route from the parking area to the entrance.

These measures are capable of being accomplished without much difficulty or expense.

27. The costs of these proposed measures do not exceed their benefits under the circumstances. Many of the barriers can be eliminated through the rearrangement, relocation, or replacement of movable furnishings, merchandise, equipment, and restroom accessories, while others involve relatively limited modifications to existing features rather than substantial reconstruction of the facility. The resulting accessibility improvements would provide significant and continuing benefits by allowing Plaintiff and other persons who use wheelchairs or mobility scooters to independently access the Deli's entrance, transaction counter, dining areas, restroom, and other goods and services offered to the public. The proposed modifications would therefore eliminate barriers affecting basic components of the customer experience and provide continuing accessibility benefits to persons with mobility disabilities at costs that do not exceed those benefits.

28. To the extent Defendant contends that complete removal of any particular barrier is not readily achievable, Defendant remains obligated to remove the barrier to the extent removal is readily achievable and to make its goods, services, facilities, privileges, advantages, and accommodations available to individuals with disabilities through alternative methods where such methods are readily achievable.

29. The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 et seq.

30. Pursuant to 42 U.S.C. § 12188, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a).

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER FOR RELIEF

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violation of federal law.

2. Enjoin Defendant from maintaining the architectural barriers identified herein and require Defendant to: (a) remove such barriers where removal is readily achievable; (b) bring altered or newly constructed portions of the facility into compliance with the applicable accessibility requirements of Title III and its implementing regulations; and (c) maintain accessible features in operable working condition once provided.

3. Plaintiff requests that the Court retain jurisdiction over Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts, omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

4. Plaintiff requests all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

5. Plaintiff requests any other relief that this Court may deem just and proper.

Date: September 22, 2026

ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER